IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JAMES A. MEEDS,                         :

      Petitioner,              :
                                        Case No. 3:06cv025
      vs.                      :
                                JUDGE WALTER HERBERT RICE

ERNIE MOORE, WARDEN,                    :

      Respondent.              :

---

DECISION AND ENTRY OVERRULING PETITIONER'S OBJECTIONS (DOC. #15) TO REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14); REPORT AND RECOMMENDATIONS (DOC. #14) ADOPTED, AS SUPPLEMENTED HEREIN; JUDGMENT TO BE ENTERED IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED; TERMINATION ENTRY

---

After Petitioner James Meeds ("Petitioner") had been convicted in Miami County Common Pleas Court of two counts of rape of child under the age of 13 and sentenced to two concurrent life sentences, the Miami County Court of Appeals affirmed his convictions and sentence. State v. Meeds, 2004 WL 1506263 (Ohio App. 2004. Of particular present importance, that court rejected Petitioner's contention that trial counsel failed to provide effective assistance of counsel, as guaranteed by the Sixth Amendment to the Constitution, by failing to

file a motion in limine to exclude evidence of his confession to police officers on the basis that such evidence was inadmissible under Rule 410(A)(5) of the Ohio Rules of Evidence.  The appellate court concluded that, regardless of whether the Petitioner's confession was admissible, it could not conclude that Petitioner's "trial counsel was ineffective for failing to think of presenting such a novel argument to the trail court."  Id. at *4.

Petitioner then initiated this litigation, seeking a writ of habeas corpus.  In his Amended Petition (Doc. #6), he has set forth one claim, to wit: the ineffective assistance of counsel claim described above.  United States Magistrate Judge Michael R. Merz has recommended that this Court dismiss the Amended Petition (Doc. #6) with prejudice, because the decision of the Miami County Court of Appeals was neither contrary to nor an unreasonable application of Supreme Court authority.  See Doc. #14.  The Petitioner has objected to the Report and Recommendations of the Magistrate Judge.  See Doc. #15.  In ruling on those Objections, this Court has conducted a de novo review of the Report and Recommendations (Doc. #14), as required by the Sixth Circuit.  Flournoy v. Marshall, 842 F.2d 875 (6th Cir. 1988).

Under the AEDPA, a federal court cannot issue a writ of habeas corpus unless the state court adjudication of a federal constitutional claim "resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  In Walls v. Konteh, 490 F.3d 432 (6th Cir. 2007), the Sixth Circuit elaborated upon that statutory language:

> A state-court decision is considered "contrary to … clearly established Federal law" if it is "diametrically different, opposite in character or nature, or mutually opposed." Williams v. Taylor, 529 U.S. 362, 405 (2000) (quotation marks omitted). Alternatively, to be found an "unreasonable application of … clearly established Federal law," the state-court decision must be "objectively unreasonable" and not simply erroneous or incorrect. Id. at 409-11. In short, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also have been unreasonable." Id. at 411.

Id. at 436.

Herein, the Petitioner has not cited, nor has research discovered a decision by the United States Supreme Court to which the decision of the Miami County Court of Appeals is contrary, as that term is defined above. Therefore, this Court must decide whether the state court resolution of the Petitioner's claim of ineffective assistance of counsel was objectively unreasonable.

A claim of ineffective assistance of counsel under the Sixth Amendment has two components, to wit: 1) deficient performance by counsel and 2) prejudice to the defendant as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). Herein, the only question presented is whether the performance of Petitioner's trial counsel was deficient, because he failed to file a motion in limine seeking the exclusion of his confession under Rule 410(A)(5). In Strickland, the Court said that establishing that counsel's performance was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The Strickland Court explained further:

- 3 -

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ….

Id. at 689. Federal courts have long recognized that an attorney's performance is not deficient, merely because he has failed to raise a novel argument, even though that argument is subsequently adopted as the law. In United States v. Rezin, 322 F.3d 443 (7th Cir. 2003), the Seventh Circuit explained:

> If, however, the argument that the lawyer fails to make is a subtle or esoteric one--something most lawyers would not have thought of, however conscientious they might be--then the lawyer cannot be said to have fallen below the minimum level of professional competence by failing to make it, and so the claim of ineffective assistance would fail even if the argument turned out to be a valid ground for a new trial.

Id. at 446. See also, Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

Herein, the Petitioner's claim is predicated on the premise that his trial counsel was deficient, because he failed to seek the exclusion of his confession under Rule 410(A)(5). Whether his confession could have been so-excluded presented a novel question of Ohio law. At the time of his trial, no Ohio court had held that a defendant's plea discussions with police officers, when the prosecutor was not physically present, are inadmissible under Rule 410(A)(5). Indeed, no Ohio court has so held since the Petitioner's trial. Thus, although the Petitioner argues that it is not a novel question of Ohio law to conclude that a prosecutor is a

participant in plea discussions, even though he was not present when those discussions occurred, no court in Ohio has so held.  On the contrary, the Staff Note to the 1991 Amendment of Rule 410 explicitly states that the intent of that Amendment is to prevent the application of Rule 410(a)(5) to discussions between a defendant and law enforcement officers.  The Note provides, in pertinent part:

> At the time Evid. R. 410 became effective in July 1980, there was "no substantive variation between the Ohio rule and the Federal Rule."  Ohio Staff Note (1980) ….
> The federal rule, however, was thereafter amended.  Several federal cases had read the federal rule broadly to cover some statements made during "plea bargain" discussions between defendants and law enforcement officers.  See <u>United States v. Herman</u>, 544 F.2d 791, 795-799 (5th Cir. 1977); <u>United States v. Brooks</u>, 536 F.2d 1137, 1138-39 (6th Cir. 1976); <u>United States v. Smith</u>, 525 F.2d 1017, 1020-22 (10th Cir. 1975).  Accordingly, the federal drafters became concerned "that an otherwise voluntary admission to law enforcement officials [might be] rendered inadmissible merely because it was made in the hope of obtaining leniency by a plea."  Fed. R. Evid. 410, Advisory Committee Note (1980).  Federal Rule 410 now specifies that only plea discussions with the "attorney for the prosecuting authority" are covered by the rule.
> The amendment incorporates the same limitation into the Ohio rule.  It is intended to clarify an area of ambiguity.  The amended rule is designed to protect plea bargaining statements involving attorneys in order to promote the disposition of criminal cases by compromise.  Statements made by an accused to the police are not covered by this rationale.  Improper inducements by the police may be challenged under the constitutional standards governing the voluntariness of confessions, but may not be excluded under this rule.

Since no court in Ohio had held that a confession, under circumstances similar to those under which Petitioner gave his, was inadmissible under Rule 410(A)(5), and, further, considering the Staff Notes to the 1991 Amendment of that Rule, this Court cannot conclude that the decision of the Miami County Court of Appeals was objectively unreasonable, because that court concluded that Petitioner's trial counsel did not fail to function as counsel, by failing to raise that issue.

- 6 -

Accordingly, this Court overrules Petitioner's Objections (Doc. #15) to the Report and Recommendations (Doc. #14) of the Magistrate Judge.  That judicial filing is adopted, as elaborated upon herein.  In addition, since "reasonable jurists would not find [this Court's] assessment of the constitutional claims debatable or wrong" (Slack v. McDaniel, 529 U.S. 473, 484 (2000)), this Court denies the Petitioner a certificate of appealability and leave to appeal in forma pauperis.

Judgment is to be entered in favor of Respondent and against Petitioner, dismissing the Amended Petition (Doc. #6) with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 1, 2008

                    /s/ Walter Herbert Rice
                  WALTER HERBERT RICE, JUDGE
                  UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.